UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:24-cv-60552-Leibowitz

JASON JORDON,

    Plaintiff,

vs.

CITY OF SUNRISE,

    Defendant.

_____/

## First Amended Complaint for Damages and Injunctive Relief

Plaintiff, Jason Jordon, sues defendant, the City of Sunrise, and as grounds shows:

### Introduction and Summary

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII") and the parallel provisions of the Florida Civil Rights Act, Ch. 760, Fla. Stat. ("FCRA"). Jason Jordon, a 36-year-old Black, male fire-department lieutenant who was unjustly demoted to fire fighter, sues the City of Sunrise for violation of his rights based on race on account of the City's long-established history of disparate treatment against Black firefighters who are disciplined more severely than their non-Black

counterparts. Mr. Jordon seeks money damages, injunctive relief, attorney's fees and litigation expenses against the City of Sunrise.

## Jurisdiction, Parties, Venue

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction of the FCRA claim pursuant to 28 U.S.C. § 1367 because the FCRA claims are so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose in the City of Sunrise, 10440 West Oakland Park Boulevard, Sunrise, FL 33351, where the defendant at all material times operated.

## Parties

4.    Jason Jordon, although recently demoted to fire fighter, was at all times material a Black, male fire-department lieutenant for the City of Sunrise Fire Department, and as such, was and is an "employee," or "aggrieved person" under Title VII and the FCRA. He is protected by Title VII and the FCRA because of his race.

5.    Defendant, City of Sunrise ("Sunrise" or "The City") is, and at all times material was an "employer" as envisioned by Title VII and the FCRA.

## Satisfaction of Conditions Precedent

6. On or about December 26, 2023, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which by operation of law meant that he also filed it with the Florida Commission on Human Relations ("FCHR").

7. On January 9, 2024, the EEOC issued a notice of right to sue, within 90 days of which Mr. Jordon brought this action.

8. More than 180 days elapsed without the FCHR making an adverse finding against Jason Jordon on any of his allegations or conciliating his charge.

9. All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

## Applicable Statutes

10. Title VII of the Civil Rights Act 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race . . . .

11. The FCRA provides at § 760.10(1), FLA. STAT., as follows:

> It is an unlawful employment practice for an employer:
>
> (1) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race . . .
>
> (2) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race . . .

### General Allegations

12. Jason Jordon is a state certified firefighter II, paramedic, and EMT who started working with the City of Sunrise's ("City") fire department in 2018 as a fire fighter, a position for which he is qualified.

13. After three years of service with no performance issues, Mr. Jordon became eligible to apply to the rank of lieutenant, to which rank he was promoted in 2021 and for which rank he was qualified.

14. Out of the 70 leadership positions in the City's fire department, only five are now occupied by African-American individuals.

15. At the time these events occurred, the City of Sunrise had 27 lieutenants, four (now three) of whom are Black. There were no Black fire captains in the city for which there are 33 positions, and only one Black chief among 10 for the entire department.

16. In 2023, Mr. Jordon became eligible for promotion to captain, a position that required two years' experience as a lieutenant, a clean performance record, and the completion of several tasks.

17. Mr. Jordon was qualified for the position of captain.

18. On April 22, 2022, Mr. Jordon began the application process for captain, and by September 12, 2023, had completed the required paperwork, and nearly all the tasks needed to sit for the captain exam.

19. On September 21, 2023, while Mr. Jordon was still preparing to sit for the captain's exam, probationary firefighters Marsha LaSanta and Morgan Marshall, who share a personal relationship outside of work, submitted a complaint against Mr. Jordon alleging preferential treatment of minorities and inappropriate sexual comments.

20. Mr. Jordon was placed on administrative leave September 21, 2023 pending an investigation.

21. After postponing Mr. Jordon's return to work on several occasions, Fire Chief John McNamara met with Mr. Jordon and his union representatives on December 8, 2023, to inform them he would be signing the documents necessary to terminate Mr. Jordon as of 4:00 p.m.

22. On the same day, the union representatives advised Mr. Jordon that Chief McNamara would be willing to consider a demotion as a counter offer to the termination.

23. On December 11, 2023, Mr. Jordon received communication from then union president Carl Hochrein stating that his decision not to pursue a demotion had been filed and, once it was processed, Mr. Jordon's insurance would be discontinued.

24. The following day, Chief Christopher Shannon contacted Mr. Jordon to schedule another meeting with Chief McNamara stating that the chief would like to rectify something from the prior meeting.

25. Mr. Jordon met again with the fire chief on December 13, 2023, at which time Chief McNamara told him that, after consulting with the city attorney and outside labor attorneys, he was overturning his decision to terminate Mr. Jordon and would instead demote him to firefighter.

26. Despite having an impeccable record with no prior incidents, Mr. Jordon was severely punished, i.e., he was initially fired (the most serious disciplinary action in the City's 5-step corrective protocol) and later demoted from lieutenant to fire fighter after the City's lawyers expressed concerns.

27. The City has a long-established practice of punishing black firefighters more severely than their non-Black counterparts, including:

    a. A White battalion chief, Jeffrey Martin — who sent sexually explicit photos (i.e., of his penis) and text messages to the wife of a fire captain — was neither demoted or terminated;

    b. None of two White fire fighters — former Lieutenant now Captain Sfraga nor former fire fighter now Lieutenant Babinec who in 2020 assaulted a black colleague by breaking into his dorm room while he slept, and throwing flour all over his sleeping body, his bible, and other personal belongings — were terminated or demoted but were instead promoted to captain and lieutenant;

  c. A White male fire fighter, Safier — who sent unsolicited text messages of an aggressive nature to a female fire fighter — was neither terminated nor demoted;

  d. A White male fire fighter, Lieutenant Babenic — who sent explicit pictures and spread false rumors about a female fire fighter — who not only received no discipline, but was instead promoted to lieutenant;

  e. A fire fighter, Aaron Randall, also White — who was accused of harassment and several hazing incidents in 2022 — was neither terminated nor demoted, but the victim was transferred to another fire station, and

  f. A White fire fighter, Phillip Miller — who stated in the presence of several other employees including a captain, a lieutenant, and Mr. Jordon in 2022 that when he listens to country music he likes to stand around the fire and wear white blankets over his head — was neither terminated, demoted nor otherwise disciplined.

28. The City's demotion of Mr. Jordon, in contrast to its giving a pass to the other White fire-department such as those referenced in ¶ 27, discriminated against Mr. Jordon in the terms, conditions, and privileges of employment.

### Count I — Race Discrimination Under Title VII

29. Plaintiff, Jason Jordon, re-alleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-7, 9, 10 and 12-28.

30. The disparate treatment to which defendant, through its agents and employees, subjected Mr. Jordon was because of his race and thus constituted discrimination under Tile VII.

31. As a direct, natural, proximate and foreseeable result of the actions of the City of Sunrise, through its agents and representatives, Mr. Jordon has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and without this Court's intervention, would suffer additional losses in the future.

32. The race discrimination that plaintiff is suffering, in violation of his Federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

33. Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Jason Jordon, prays that this Court will grant judgment for him, and against defendant, City of Sunrise, and:

*One,* issue a judgment that City of Sunrise's practices toward Mr. Jordon violated his rights against race discrimination in violation of Title VII;

*Two,* award judgment against City of Sunrise for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three,* award judgment against City of Sunrise for the pay plaintiff would have been entitled to as a lieutenant but for its discriminatory acts;

*Four,* enjoin City of Sunrise and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, if that is not practical, through an award of front pay; and

*Five*, award costs and litigation expenses, including a reasonable attorney's fee under 42 U.S.C. § 2000e-5(k), and

*Six,* grant Mr. Jordon such other and further relief as the circumstances and law provide.

### Count II — Race Discrimination Under the FCRA

34.  Plaintiff, Jason Jordon, re-alleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-6, 8, 9, and 11-28.

35.  The disparate treatment to which defendant, through its agents and employees, subjected Mr. Jordon was because of his race and thus constituted race discrimination as proscribed by FCRA.

36.  As a direct, natural, proximate and foreseeable result of the actions of the City of Sunrise, through its agents and representatives, Mr. Jordon has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and without this Court's intervention, would suffer additional losses in the future.

37.   The race discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

38.   Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Jason Jordon, prays that this Court will grant judgment for him, and against defendant, City of Sunrise, and:

*One,* issue a judgment that City of Sunrise's practices toward Mr. Jordon violated his rights against race discrimination in violation of the FCRA;

*Two,* award judgment against City of Sunrise for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three,* award judgment against City of Sunrise for the pay plaintiff would have been entitled to as a lieutenant but for its discriminatory acts;

*Four,* enjoin City of Sunrise and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, if that is not practical, through an award of front pay; and

*Five*, grant Jason Jordon his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six,* grant Mr. Jordon such other and further relief as the circumstances and law provide.

**Certificate of Service**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by  CM/ECF this day to the parties of record on the Service List.

Respectfully Submitted,

*/s/ Luis Inclan*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com
LUIS INCLAN
Florida Bar Number 1051210
LInclan@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth St., Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983
Eservice@TheAmlongFirm.com

## Service List

| | |
|---|---|
| WILLIAM R. AMLONG<br>Florida Bar No.: 470228<br>WRAmlong@TheAmlongFirm.com<br>JENNIFER DALEY<br>Florida Bar No.: 856436<br>Jdaley@TheAmlongFirm.com<br>LUIS INCLAN<br>Florida Bar No. 1051210<br>Linclan@TheAmlongFirm.com<br>The Amlong Firm<br>500 Northeast Fourth Street, Suite 101<br>Fort Lauderdale, Florida 33301-1154<br>(954) 462-1983<br>*Attorneys for Plaintiff* | CHRISTOPHER J. STEARNS<br>Florida Bar No: 557870<br>Stearns@jambg.com<br>JONATHAN H. RAILEY<br>Florida Bar No: 111717<br>Railey@jambg.com<br>Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.<br>2455 East Sunrise Blvd.<br>Suite 1000<br>Fort Lauderdale, FL 33304<br>*Attorneys for Defendant* |